IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TORY L. JONES, #264248, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:11-CV-798-TMH |
| | ) [WO] |
| | ) |
| VALERIE D. JUDAH, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Tory L. Jones ["Jones"], a state inmate, complains his appointed attorney, Valerie D. Judah, provided ineffective assistance during proceedings related to a 2009 conviction imposed upon him by the Circuit Court of Houston County, Alabama. *Plaintiff's Complaint - Court Doc. No. 1* at 2-3. Jones seeks declaratory relief and modification of his sentence. *Id*. at 4. Jones names Ms. Judah and the Public Defender Office as defendants in this cause of action.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

---

[1] The court granted Jones leave to proceed *in forma pauperis* in this civil action. *Order of September 28, 2011 - Court Doc. No. 3*. A prisoner allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II.  DISCUSSION

### A.  The Claims Against Valerie D. Judah

Jones complains Valerie D. Judah, the attorney appointed to represent him on a criminal charge before the Circuit Court of Houston County, Alabama, deprived him of effective assistance in violation of his constitutional rights.  *Plaintiff's Complaint - Court Doc. No. 1* at 2-3.  Specifically, Jones alleges "Ms. Valerie D. Judah misled me into thinking I was going to receive a split sentence according to pleading guilty....  Ms. Valerie D. Judah told me that pleading [guilty] was the best thing for me to do.  However, I disagreed because I was not guilty of the nature of the crime."  *Id*.  Jones also complains Ms. Judah did not explain the extenuating facts of his case to the trial court nor did she adequately advise him of the terms of his plea agreement.  *Id*. at 3.  In accordance with applicable federal law, the allegations presented in the complaint against Ms. Judah entitle Jones to no relief in this cause of action.

An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation.  *American Manufacturers Mutual Ins. Company v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law....  [T]he under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how

> discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)).... [Consequently,] state action requires **both** an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," **and** that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*American Manufacturers*, 526 U.S. at 49-50, 119 S.Ct. at 985 (footnote omitted) (emphasis in original).

The law is well settled that an attorney who represents an accused in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and ... are not subject to suit under section 1983."). Since the conduct about which Jones complains was not committed by a person acting under color of state law, the claims of ineffective assistance asserted against defendant Judah are frivolous as such claims lack an arguable basis in law. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2] In light of the foregoing, the plaintiff's 42 U.S.C. § 1983 claims against defendant Judah with respect to the assistance she provided in state criminal proceedings are due to be summarily dismissed in accordance with the

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### B. The Public Defendant Office

The office of a public defender is not a legal entity subject to suit or liability under 42 U.S.C. § 1983. *Cf. Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Moreover, as previously stated, a public defender is not a state actor subject to suit under § 1983. *Mills*, 837 F.2d at 679. Thus, the plaintiff's claims lodged against the Public Defendant Office are likewise subject to summary dismissal. *Id.*

### C. The Challenges to Plaintiff's 2009 Conviction

To the extent the claims set forth by Jones challenge the validity of the 2009 conviction imposed upon him pursuant to his guilty plea by the Circuit Court of Houston County, Alabama, these claims presently provide no basis for relief in this cause of action. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a

... prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [or injunctive] relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 ..." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position previously taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id.* at 649.

The ineffective assistance of counsel claims raised in the instant complaint implicate the constitutionality of a conviction and resulting sentence imposed upon the plaintiff by the Circuit Court of Houston County, Alabama. A judgment in favor of Jones on these claims

would necessarily imply the invalidity of this conviction and sentence. It is clear from the complaint that the conviction and sentence from which Jones' claims arise have not been invalidated in appropriate proceedings. Consequently, any collateral attack under § 1983 on the conviction and sentence imposed upon Jones is prohibited and subject to summary dismissal by this court pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok*, 520 U.S. at 645; *Heck*, 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the defendants be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. To the extent the complaint presents claims which challenge the constitutionality of a 2009 conviction and sentence imposed upon the plaintiff by the Circuit Court of Houston County, Alabama, the complaint be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time.

3. This case be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that on or before October 28, 2011 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive

or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of October, 2011.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE